**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FUNDA TOPCUOGLU,                         *

            Plaintiff,              *          Civil Case No. 1:21-cv-03154-RBW

     v.                                  *

INDUSTRIAL BANK OF                       *
WASHINGTON, *et al.*,
                       *

            Defendants.          *

*    *    *    *    *    *    *    *    *    *    *    *    *

**DEFENDANT INDUSTRIAL BANK OF WASHINGTON'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT
<u>AND REQUEST FOR HEARING</u>**

      Defendant Industrial Bank of Washington ("Industrial"[1]), by its undersigned counsel and

pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Civil Rule 7, moves to dismiss the

Amended Complaint (ECF No. 15) filed by Plaintiff Funda Topcuoglu ("Plaintiff"), and for

reasons states:

      1.        Counts I, III, IV, and V of the Amended Complaint, and each and every claim

asserted by Plaintiff against Industrial, should be dismissed with prejudice on the grounds that:

            a.        Plaintiff 's Amended Complaint fails to state a claim for a violation of the

Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, because, while Plaintiff nominally

titles her claim as one for an alleged failure to investigate, she alleges no facts to support such a

contention. Rather, Plaintiff's entire claim is premised upon an allegation that Industrial

incorrectly reported and/or could not have reported issues with her checking account to co-

---

[1] Because there are two named defendants Industrial Bank of Washington is referred to herein as "Industrial" to avoid confusion with co-defendant Equifax Information Services, LLC.

Defendant Equifax Information Services, LLC, and there is no private right of action under the FCRA for Industrial's alleged incorrect reporting;

      b.    Plaintiff's state law claims for an alleged violation of the District of Columbia's Consumer Protection Procedures Act, as well as her claims for defamation and breach of contract, are preempted by the FCRA because they arise from the same set of operative facts, involve the same subject matter as the FCRA claim, and Plaintiff has not suffered any independent damages flowing from her state law claims other than those damages she attributes to Industrial's alleged FCRA violation;

      c.    To the extent Plaintiff's Consumer Protection Procedures Act claim is not preempted, that claim fails as a matter of law because Plaintiff fails to plead any specifics of an alleged misrepresentation by Industrial as required by Federal Rule of Civil Procedure 9(b) and applicable case law, and because Plaintiff fails to plead a plausible claim for misrepresentation by omission;

      d.    To the extent Plaintiff's breach of contract claim is not preempted, the claim fails as a matter of law because Plaintiff does not allege facts sufficient to establish that Industrial breached any contract with her, and because Plaintiff concedes that she did not suffer any damages from the purported breach other than those arising from Industrial's alleged FCRA violation – which damages are remote, speculative, and not clearly within the reasonable contemplation of the parties at the time any alleged "contract" was entered;

      e.    To the extent Plaintiff's defamation claim is not preempted, the action fails as a matter of law because it is barred by the applicable one-year statute of limitations, and because the Plaintiff concedes that she did not suffer any damages other than those arising from Industrial's alleged FCRA violation;

2

       f.      As a matter of law, Plaintiff failed to adequately plead facts that could give rise to an award of punitive damages; and

       g.      As a matter of law, Plaintiff failed to adequately plead facts that could give rise to an award of emotional distress damages.

      2.      Industrial adopts and incorporates herein the points and authorities set forth in its Memorandum in Support of this Motion to Dismiss, which it has filed simultaneously herewith.

      WHEREFORE, Defendant Industrial Bank of Washington requests that the Court dismiss Counts I, III, IV and V of the Amended Complaint and each and every claim asserted against Industrial Bank of Washington with prejudice.

Date:  February 16, 2022            Respectfully submitted,

                                 _/s/ David B. Applefeld_____
                                 David B. Applefeld, *pro hac vice*
                                 Scott W. Foley, Bar No. 466848
                                 SHAPIRO SHER GUINOT & SANDLER, P.A.
                                 250 West Pratt Street, Suite 2000
                                 Baltimore, Maryland  21201
                                 Telephone: (410) 385-4234
                                 Facsimile: (410) 539-7611
                                 dba@shapirosher.com
                                 swf@shapirosher.com

                                 *Counsel for Defendant Industrial Bank*

## **REQUEST FOR HEARING**

Defendant Industrial Bank of Washington, by its undersigned counsel, requests a hearing on its Motion to Dismiss.

Date:  February 16, 2022

Respectfully submitted,

        /s/ *David B. Applefeld*

David B. Applefeld, *pro hac vice*
Scott W. Foley, Bar No. 466848
SHAPIRO SHER GUINOT & SANDLER, P.A.
250 West Pratt Street, Suite 2000
Baltimore, Maryland  21201
Telephone: (410) 385-4234
Facsimile: (410) 539-7611
dba@shapirosher.com
swf@shapirosher.com

*Counsel for Defendant Industrial Bank*

4

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 16th day of February, 2022, I electronically filed the foregoing document(s) with the Clerk of the Court using the CM/ECF system. The Court or the CM/ECF system will send notification of such filings to all CM/ECF participants. I further certify that a true and correct copy of this document was sent via U.S. first-class mail, postage paid, to all non-CM/ECF participants.

Date:  February 16, 2022              Respectfully submitted,

    */s/ David B. Applefeld*
David B. Applefeld, *pro hac vice*
Scott W. Foley, Bar No. 466848
SHAPIRO SHER GUINOT & SANDLER, P.A.
250 West Pratt Street, Suite 2000
Baltimore, Maryland  21201
Telephone: (410) 385-4234
Facsimile: (410) 539-7611
dba@shapirosher.com
swf@shapirosher.com

*Counsel for Defendant Industrial Bank*